1  TODD KIM
   Assistant Attorney General
2  Environment and Natural Resources Division
3  United States Department of Justice
   SEAN C. DUFFY (NY Bar No. 4103131)
4  Ben Franklin Station, P.O. Box 7611
5  Washington, DC 20044
6  Ph: (202) 305-0445
7  sean.c.duffy@usdoj.gov

8  *Attorneys for Federal Defendants*

9

10              UNITED STATES DISTRICT COURT
                CENTRAL DISTRICT OF CALIFORNIA
11

12  | GENESIS B., a minor, by and through her guardian, G.P., *et al.*, | No. 2:23-cv-10345 |
13  |   | |
14  | Plaintiffs, | **DEFENDANTS' OPPOSITION TO NOTICES OF RELATED CASES (ECF Nos. 5, 7)** |
15  | | |
    | v. | |
16  | | |
17  | UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*, | |
18  | | |
19  | Defendants. | |

20

21

22

23

24

25

26

27

28

**Introduction**

Defendants hereby object to Plaintiffs' Notices of Related Cases, which assert that the above-captioned case is related to *Juliana, et al. v. United States, et al.*, No. 6:15-cv-1517-AA (D. Or.), a case that is pending in the United States District Court for the District of Oregon. Notice of Related Case, ECF No. 5; Notice of Related Case, ECF No. 7 ("Notice").[1] Plaintiffs assert that the two cases "arise from the same or a closely related transaction, happening, or event" and "call for determination of the same or substantially related . . . questions of law and fact." Notice at 1 (quoting C.D. Cal. L.R. 83-1.3.1(a), (b)). However, for several reasons, the cases are not related within the meaning of Local Rule 83-1.3.

**I.     Legal Standard**

Local Rule 83-1.3.1 requires the parties to file a notice of related cases when "two or more civil cases filed in this District" (1) "arise from the same or a closely related transaction, happening, or event"; (2) "call for a determination of the same or substantially related or similar questions of law or fact"; or (3) "for other reasons would entail substantial duplication of labor if heard by different judges." L.R. 83.1-3.1.

Within five days of receiving service of a notice of related cases or within five days of first appearing in the case, a party "may file and serve a short statement setting forth reasons that the case does not qualify as a related case under these rules." L.R. 83-1.3.3.

**II.     Reasons Why This Case Does Not Qualify as a Related Case**

The above-captioned case is not related to any civil case in the Central District of California.

---

[1] The two notices are identical. For purposes of this opposition brief, all references to the "Notice" are to both notices.

DEFS.' OBJ. TO NOTICE OF RELATED CASE                                    . - 1 -

*Juliana v. United States*, (D. Or.) No. 6:15-cv-1517, is not a related case within the meaning of L.R. 83-1.3.1 because the rule on its face pertains only to cases "filed in this District," and *Juliana* was filed in the District of Oregon.

There is no merit to Plaintiffs' suggestion that this Court's related-case rule, and the principles it embodies, apply when the Chief Judge of the Ninth Circuit Court of Appeals previously "designate[d] and assign[ed]" a judge of this District "to sit upon the court of appeals" in a different case. 28 U.S.C. § 292(a). A judge sitting by designation on a court of appeals functions solely as an appellate judge serving on a three-judge panel, not an "individual judge[] … of this Court." L.R. 83-1.1. Commingling those functions, by not only allowing but *encouraging* a judge to serve concurrently, or sequentially, as a trier of fact in one case and an appellate reviewer in a related matter, could give rise to concerns that decisions in one or the other case were not "made in a manner free from bias or the desire to influence the outcome of the proceedings." *Cruz v. Abbate*, 812 F.2d 571, 574 (9th Cir. 1987); *cf.* 28 U.S.C. § 47 ("No judge shall hear or determine an appeal from the decision of a case or issue tried by him.").

Moreover, to the extent Plaintiffs contend that reassignment to Judge Staton would nonetheless serve the policy of Local Rule 83-1.3.1 of "prevent[ing] substantial duplication of labor by multiple judges," they are incorrect. Judge Staton sat on a Ninth Circuit panel in *Juliana* that ruled only on limited threshold defenses. *Juliana v. United States*, 947 F.3d 1159, 1164 (9th Cir. 2020) ("The central issue before us is whether … an Article III court can provide the plaintiffs the redress they seek.").[2]

---

[2] Following an interlocutory appeal by the United States, the Ninth Circuit remanded *Juliana* to the District of Oregon with instructions to dismiss that case for a lack of Article III standing over Judge Staton's dissenting opinion. *Juliana v. United States*, 947 F.3d 1159, 1175 (9th Cir. 2020), reh'g en banc denied, 986 F.3d

1        Plaintiffs also claim that the above-captioned case is "similar" to several

2   cases venued in this District—*R.H. v. County of San Bernardino*, No. 5:18-cv-

3   1232-JLS-KK; *LA Alliance for Human Rights v. City of L.A.*, No. 2:20-cv-2291-

4   DOC-KES; *J.P. v. Sessions*, No. 2:18-cv-6081-JAK-SK—but none of those cases

5   are related because none satisfies the other requirements of L.R. 83-1.3.1. None of

6   those cases are premised on the same constitutional claims that Plaintiffs seek to

7   assert in this case; none are based on any related transactions, happenings, or

8   events; and duplication of effort will not be avoided by treating this case as related

9   to those dissimilar cases.

10   **Conclusion**

11        For all of these reasons, this case must be assigned at random pursuant to

12   General Order No. 23-15.I.B.1, and Plaintiffs' Notice provides no basis for

13   thereafter transferring the case to any other judge. *See* General Order No. 23-

14   15.II.I.1 (discussing process for transfer of related cases).

15

16

17   Dated: December 12, 2023           TODD KIM

18                                        Assistant Attorney General

19                                        United States Deparment of Justice
                                     Environment & Natural Resources Division

20

21                                        */s/ Sean C. Duffy*
                                     SEAN C. DUFFY

22   _____

23   1295 (Mem.) (9th Cir. 2021). The district court then granted the *Juliana* plaintiffs

24   leave to amend their complaint, and the defendants have since moved for various

25   forms of relief, including an order certifying the order granting leave to amend for

26   interlocutory appeal. *See, e.g.,* Defs.' Mot. to Certify Order for Interlocutory

27   Appeal, *Juliana v. United States*, No. 6:15-cv-1517-AA (D. Or. July 7, 2023), ECF

28   No. 551. Those motions for relief remain pending.

DEFS.' OBJ. TO NOTICE OF RELATED CASE                            . - 3 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Trial Attorney
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, DC 20044
Ph: (202) 305-0445
sean.c.duffy@usdoj.gov

*Attorneys for Federal Defendants*