Name: **Tarek Farag**
Address: **411 N Warwick Ave**
**Westmont, IL 60559**
Phone: **630 709 3965**
Email: tarekfaragusa@hotmail.com
In Pro Per



1

2

3

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GENESIS B.**, et al <br><br> **Plaintiffs,** <br><br> vs. <br><br> **UNITED STATES ENVIRONMENTAL** <br> **PROTECTION AGENCY**, et al <br><br> **Defendants.** | Case No: **2:23-CV-10345** MWF <br><br> **MOTION TO INTERVENE BY** <br><br> **TAREK FARAG** <br><br> Pro Se |

4

5

6

## I. INTRODUCTION

7   Tarek Farag (hereinafter Farag) is an engineer having worked in many engineering fields,

8   and did many scientific researches including his Masters and PhD in nuclear engineering.

9   Was certified as a PE (Professional Engineer) in Illinois in 1994, and have a few patents.

10   Farag examined the **claims** that **burning fossil fuel is causing global warming** that

11   will cause sea level to rise, etc., and found it to be **untrue (hoax).** Many people jumped

12   on the hoax, promoted it, gained power, and made financial gains. The worst part was,

13   and is, the promotion of this hoax on an international level by NASA and the United

14   Nations' Intergovernmental Panel on Climate Change (IPCC). The destruction of this

15   hoax became clear after the war on fossil fuel, which resulted in losing our energy

16   independence, and the soaring of energy prices and the prices of almost everything,

1

1   which is devastating for him personally and almost all the citizens. Farag finished his
2   scientific studies, analysis, and calculations, using mainly the data contained in the
3   technical reports generated by IPCC and NASA, which revealed serious errors. Farag
4   proved that there is no scientific basis for the claims that the CO2 released from burning
5   fossil fuel could cause Global Warming, cause sea levels to rise, etc. Farag published his
6   findings around May 2022, and around November 17, 2022, sent an open letter to UN
7   Secretary General asking him to stop pushing countries into disasters due to the scientific
8   hoax that burning fossil fuel is causing global warming. However, he didn't receive any
9   response, and the push for the hoax continued. Around February 14, 2023, he sent
10   another letter to him and to many politicians and decision makers, and complained to US
11   Attorney General and to IL State Attorney General. However, he didn't get any disputes
12   to his findings, or a responsive reply. Around 4/10/2023, he filed an Amicus Brief with
13   District Court of Alaska in case No. 3:23-cv-61, and around 8/31/2023 tried to intervene
14   (but was too late). He also filed the same brief in Montana First Judicial District Court
15   around 6/12/2023, few days before the trial (apparently the Court couldn't consider it).

## II. ARGUMENT

### 1. FARAG IS ENTITLED TO INTERVENE AS OF RIGHT

20   A party that needs to intervene as of right should meet the following: (1) the motion
21   must be timely; (2) the movant must claim a "significantly protectable" interest relating
22   to the property or transaction that is the subject of the action; (3) the movant must be so
23   situated that the disposition of the action may, as a practical matter, impair or impede the
24   movant's ability to protect that interest; and (4) the movant's interest must not be
25   adequately represented by the existing parties to the action. Consistent with all other
26   federal courts of appeal, the Ninth Circuit applies this test broadly in favor of
27   intervention:

1   *"A liberal policy in favor of intervention serves both efficient resolution of issues*
2   *and broadened access to the courts. By allowing parties with a practical interest*
3   *in the outcome of a particular case to intervene, we often prevent or simplify*
4   *future litigation involving related issues; at the same time, we allow an additional*
5   *interested party to express its views before the court".* [ United States v. City of
6   L.A., Cal., 288 F.3d 391, 397-98 (9th Cir. 2002)].

7

8   Thus, courts assess a motion to intervene "primarily by practical considerations, not

9   technical distinctions." [Sw. Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 818 (9th

10  Cir. 2001)]. As discussed below, Farag meets each of the requirements for intervention as

11  of right.

12  **1.1.  Farag's motion to intervene is timely.**

13  When evaluating timeliness, the Court needs to consider (1) the stage of the proceedings,

14  (2) any prejudice to the existing parties, and (3) the reasons for and length of any delay.

15  This litigation was filed on 12/10/2023 (less than 28 business days), and on 12/12/2023 a

16  60 Day Summons was issued, hence no party will be prejudiced by Farag's intervention.

17  In order to avoid delay, Farag is submitting a preliminary pleading focusing on the

18  **scientific facts disputing the claims that burning fossil fuel is causing global**

19  **warming,** and will supplement it with greater specificity in due course. Hence, Farag's

20  motion is timely.

21  **1.2.  Farag has a significant protectable interest in the resolution of this action.**

22  A significant protectable interest exists when an applicant asserts an interest that is

23  protected under some law and there is a relationship between the applicant's legally

24  protected interest and the plaintiff's claims. The interest requirement of Rule 24(a) is

25  "*primarily a practical guide to disposing of lawsuits by **involving as many apparently***

26  ***concerned persons** as is compatible with efficiency and due process.*" [ Nuesse v. Camp,

27  385 F.2d 694, 700 (D.C. Cir. 1967); see Wilderness Soc'y v. U.S. Forest Serv., 630 F.3d

28  1173, 1179 (9th Cir. 2011)]. Accordingly, no specific legal or equitable interest need be

29  established for the Rule 24 test to be satisfied. To satisfy the "relationship requirement,

30  an applicant must show that resolution of the plaintiff's claims will affect the applicant.

3

1   Farag has significant and well-demonstrated regulatory, property, and economic interests
2   that are directly at stake in the present litigation. Additionally, Farag's interests are much
3   higher than Plaintiffs' interests, <u>bearing in mind that their action is based on untrue facts</u>.
4   Hence, Farag satisfies the second prong of the intervention test.

5   **1.3. Disposition in favor of Plaintiffs will harm Farag's interests.**

6   The test for impairment under Rule 24 focuses on practical effects. "*If an absentee would*
7   *be substantially affected in a practical sense by the determination made in an action, he*
8   *should, as a general rule, be entitled to intervene - -.*" [ Fed. R. Civ. P. 24 advisory
9   committee's note, quoted in Citizens for Balanced Use, 647 F.3d at 898]. The purpose of
10  Plaintiffs' claims in this litigation is to declare that EPA is "*intentionally allowing life-*
11  *threatening levels of climate pollution*" based on untrue facts. If Plaintiffs are successful
12  in their claims, EPA would be forced to take unjustified actions that would increase the
13  prices of almost everything, costing Farag substantial money, reducing his standard of
14  living, and <u>paying hidden taxes</u> to subsidize other sources of energy and equipment.
15  Hence, Farag satisfies the third prong of the intervention test.

16  **1.4. Defendants do not adequately represent Farag's interests.**

17  Farag's interests are sufficiently different from those of Defendants to warrant
18  intervention. The burden of demonstrating inadequate representation is minimal. Farag
19  needs only to <u>show that his interests are different from the existing parties' interests</u> such
20  that their representation may be inadequate. The Court must consider:

21  *(1) whether the interest of a present party is such that it will undoubtedly make all*
22  *the intervenor's arguments;*
23  *(2) whether the present party is capable and willing to make such arguments; and*
24  *(3) whether the would-be intervener would offer any necessary elements to the*
25  *proceedings that other parties would neglect.*[ Citizens for Balanced Use, 647
26  F.3d at 898; Trbovich v. United Mine Workers of Am., 404 U.S. 528, 538 n.10
27  (1972); Sw. Ctr. for Biological Diversity, 268 F.3d at 823; Nuesse, 385 F.2d at
28  703].
29

4

1  Here, the interests and perspectives of Farag as a non-federal entity with a direct

2  economic stake in this controversy are very different from the interests of EPA as a

3  federal regulatory agency. When parties, such as Farag, has private interests, as opposed

4  to the government's public interests, this difference is sufficient to justify intervention.

5  Moreover, Farag's participation in the litigation would certainly aid the Court's

6  consideration of the issues in this case. **Farag would be the only entity in this litigation**

7  **with scientific knowledge that will aid the Court's** understanding of the issues in this

8  case that would not be made by other parties to the litigation. Hence, Farag satisfies the

9  forth prong of the intervention test.

10

11            **2.  ALTERNATIVELY, FARAG IS ENTITLED TO PERMISSIVE**

12                          **INTERVENTION.**

13

14  As with intervention as of right, permissive intervention is construed liberally in favor of

15  the moving party.[ City of L.A., 288 F.3d at 397–98]. Permissive intervention should be

16  allowed under Fed. R. Civ. P. 24(b) as long as the applicant for intervention establishes

17  that "*(1) it shares a common question of law or fact with the main action; (2) its motion is*

18  *timely; and (3) the court has an independent basis for jurisdiction over the applicant's*

19  *claims.*"[ Donnelly, 159 F.3d at 412]. Under this standard, neither the inadequacy of

20  representation nor a direct interest in the subject matter of the action need be shown.[

21  Kootenai Tribe of Idaho v. ~~Veneman, 313 F.3d 1094, 1108 (9th Cir. 2002), overruled in~~

22  part on other grounds by Wilderness Soc'y, 630 F.3d at 1178]. Farag shares a common

23  question of fact "burning fossil fuel does not cause global warming". His motion is

24  timely, and will not prejudice the existing parties. Accordingly, if this Court were to deny

25  Farag's motion to intervene as of right, permissive intervention should be

26  granted.[Freedom from Religion Found., Inc. v. Geithner, 644 F.3d 836, 844 (9th Cir.

27  2011)].

28                          **III. CONCLUSION**

For the foregoing reasons, Farag respectfully requests that this Honorable Court grant his

motion to intervene as of right under Fed. R. Civ. P. 24(a); and/or to be granted

permissive intervention under Fed. R. Civ. P. 24(b); And for other relief as proper.

Respectfully submitted this 8th day of January 2024,

TAREK FARAG
Proposed Intervener, pro se.
630 709 3965
tarekfaragusa@hotmail.com


## CERTIFICATE OF SERVICE

I certify that on January 8, 2024, I filed the foregoing pleadings of Tarek Farag, by first-
class mail to the Court, relying on the Court's CM/ECF system to conveniently serve all
the parties.

Respectfully submitted,

TAREK FARAG, pro se.
411 N WARWICK AVE, WESTMONT, IL 60559
Phone: 630 709 3965
Email: tarekfaragusa@hotmail.com


## VERIFICATION BY CERTIFICATION

Under penalties as provided by law, the undersigned certifies that the statements set forth
in this instrument are true and correct, except as to matters therein stated to be on
information and belief and as to such matters the undersigned certifies as aforesaid that
he verily believes the same to be true and correct.

Signed: TAREK FARAG

Dated: January 8, 2024




Sender: TAREK FARAG
411 N WARWICK AVE, WESTMONT, IL 60559

Case No. 2:23-CV-10345
Please file electronically.

CLERK OF THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
350 W 1st Street, Suite 4311
Los Angeles, CA 90012-4565

RECEIVED
CLERK, U.S. DISTRICT COURT

JAN 19 2024

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

90012Ɛ4565 C058

