JULIA A. OLSON (CA Bar 192642)
julia@ourchildrenstrust.org
ANDREA K. RODGERS (applicant *pro hac vice*)
andrea@ourchildrenstrust.org
CATHERINE SMITH, Of Counsel (applicant *pro hac vice*)
csmith@law.du.edu
**OUR CHILDREN'S TRUST**
1216 Lincoln St.
Eugene, OR 97401
Tel: (415) 786-4825

*Attorneys for Plaintiffs*
*(Additional Counsel Listed on Next Page)*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **GENESIS B.**, a minor, by and through her Guardian, G.P.; et al.<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**The UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**; et al.<br><br>**Defendants.** | **Case No.: 2:23-CV-10345-MWF-AGR**<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION TO INTERVENE BY TAREK FARAG (ECF No. 22)** |

PHILIP L. GREGORY (CA Bar 95217)
pgregory@gregorylawgroup.com
**GREGORY LAW GROUP**
1250 Godetia Drive
Redwood City, CA 94062
Tel: (650) 278-2957

PAUL L. HOFFMAN (CA Bar 71244)
hoffpaul@aol.com
**UNIVERSITY OF CALIFORNIA AT IRVINE SCHOOL OF LAW**
**Civil Rights Litigation Clinic**
401 E. Peltason Drive, Suite 1000
Irvine, CA 92697
Tel: (310) 717-7373

JOHN WASHINGTON (CA Bar 315991)
jwashington@sshhzlaw.com
**SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES LLP**
200 Pier Avenue #226
Hermosa Beach, CA 90254
Tel: (424) 424-0166

# TABLE OF CONTENTS


TABLE OF AUTHORITIES ..... ii

INTRODUCTION ..... 1

ARGUMENT ..... 1

I. Mr. Farag Does Not Meet the Ninth Circuit's Test for Intervention as a Matter of Right ..... 1

A. Mr. Farag Does Not Have a Significant Protectable Interest in This Case Because His Grievances and Requested Relief (1) are Not Protected by Law and (2) are Unrelated to Youth Plaintiffs' Constitutional Claims Against the EPA. ..... 2

B. The Disposition of This Action Will Not Impair Mr. Farag's Ability to Protect His Interest, Because That Interest is Adequately Protected by Filing an Amicus Brief ..... 5

C. Mr. Farag's Interests Will be Adequately Represented by Existing Parties ..... 6

II. Mr. Farag is Not Entitled to Permissive Intervention ..... 8

A. Mr. Farag Shares No Question of Law or Fact in Common with the Present Litigation. ..... 9

B. Mr. Farag's Intervention Would Undermine the Efficiency of the Litigation Process ..... 9

C. Mr. Farag's Involvement as an Intervenor would Prejudice Existing Parties ..... 10

III. If Intervention is Granted, This Court Should Limit Mr. Farag's Participation to Issues Not Raised by Federal Defendants and to Limited Briefing ..... 11

CONCLUSION ..... 12

# TABLE OF AUTHORITIES

**Cases**

*Bark v. Northrop*,
No. 3:13-CV-01267-HZ, 2013 WL 6576306 (D. Or. Dec. 12, 2013)..................12

*Bates v. Jones*,
127 F.3d 870 (9th Cir. 1997) ..............................................................................6

*Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc.*,
642 F.3d 728 (9th Cir. 2011) ............................................................................11

*Donnelly v. Glickman,*
159 F.3d 405 (9th Cir. 1998) ....................................................................... passim

*Held v. State*,
No. CDV-2020-307, Findings of Fact, Conclusions of Law, & Order (Mont. First Jud. Dist. Ct. Aug. 14, 2023) ..............................................................7

*L.A. SMSA Ltd. P'ship v. Los Angeles*,
No. LA CV16-04954, 2019 WL 4570012 (C.D. Cal. July 31, 2019)..................11

*M'Culloch v. Maryland,*
17 U.S. 316 (1819)..............................................................................................3

*Northwest Forest Resource Council v. Glickman*,
82 F.3d 825 (9th Cir. 1996) ................................................................................3

*Perry v. Proposition 8 Off. Proponents*,
587 F.3d 947 (9th Cir. 2009) ..............................................................................2

*Pub. Serv. Co. of New Hampshire v. Patch*,
136 F.3d 197 (1st Cir. 1998)...............................................................................5

*United States v. Alisal Water Corp.*,
370 F.3d 915 (9th Cir. 2004) ..............................................................................5

*United States v. Darby*,
312 U.S. 100 (1941) ............................................................................................3

**Constitutional Provisions**

U.S. Const. art. III, § 2 ........................................................................ 5

**Rules**

Fed. R. Civ. P. 24(a) ........................................................................ 2

Fed. R. Civ. P. 24(b) ........................................................................ 8

**Other Authorities**

EPA, *Basics of Climate Change* (Nov. 1, 2023), https://www.epa.gov/climatechange-science/basics-climate-change .................... 9

EPA, *Sources of Greenhouse Gas Emissions* (Nov. 16, 2023), https://www.epa.gov/ghgemissions/sources-greenhouse-gas-emissions ............... 9

## INTRODUCTION

This Court should deny the motion to intervene filed by Tarek Farag. Mr. Farag's sole reason for seeking to intervene in this case is that he disagrees with the allegations in Plaintiffs' Complaint that climate change is caused by burning fossil fuels. While his motion is timely, the proposed intervenor does not claim to have a protectable legal interest, let alone one that is significant and related to this case. Therefore, Mr. Farag is not entitled to intervene as of right pursuant to Federal Rule of Civil Procedure ("FRCP") 24(a). Furthermore, Mr. Farag has failed to give any logical reason why his stated interests will not be adequately protected by existing parties. Because each of these reasons is fatal to a motion to intervene applying the Ninth Circuit's test under FRCP 24(a), Mr. Farag's motion for intervention as of right should be denied.

For similar reasons, and to ensure the efficient and fair resolution of Youth Plaintiffs' constitutional claims against Defendants, this Court should not permissively allow Mr. Farag to intervene pursuant to FRCP 24(b). Mr. Farag's motion shares no question of law or fact in common with any party to the present litigation; his intervention would unduly delay the main action; and his intervention would unfairly prejudice the existing parties. Mr. Farag's participation in this case should be through an amicus brief, not intervention. Thus, Mr. Farag's motion for intervention should be denied.

## ARGUMENT

### I. Mr. Farag Does Not Meet the Ninth Circuit's Test for Intervention as a Matter of Right

Absent a federal statute granting a right to intervene, a moving party has the burden to establish "an interest relating to the property or transaction that is the subject of the action" and that it "is so situated that disposing of the action may as a

practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). The Ninth Circuit's test for FRCP 24(a) requires a proposed intervenor as of right to show:

> (1) it has a "significant protectable interest" relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest.

*Donnelly v. Glickman,* 159 F.3d 405, 409 (9th Cir. 1998). "Failure to satisfy any one of the requirements is fatal to the application, and we need not reach the remaining elements if one of the elements is not satisfied." *Perry v. Proposition 8 Off. Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

Here, while this motion is timely, Mr. Farag fails to demonstrate a significant protectable interest in the instant case because his grievance is unrelated to the Youth Plaintiffs' constitutional claims against Defendants. His grievance solely concerns his personal opinion that climate change is a "hoax." Moreover, the disposition of this suit will not impair Mr. Farag's ability to protect his interests. The present parties adequately represent Mr. Farag's interests, and Mr. Farag makes no logical showing to the contrary. Because Mr. Farag fails to meet three of the four requirements necessary to intervene as of right, his motion to intervene under FRCP 24(a) should be denied.

### A. Mr. Farag Does Not Have a Significant Protectable Interest in This Case Because His Grievances and Requested Relief (1) are Not Protected by Law and (2) are Unrelated to Youth Plaintiffs' Constitutional Claims Against the EPA.

The first prong under the Ninth Circuit's test requires the proposed intervenor to demonstrate a significant protectable interest.

> An applicant has a "significant protectable interest" in an action if (1) it asserts an interest that is protected under some law, and (2) there is a

> "relationship" between its legally protected interest and the plaintiff's claims. *Northwest Forest Resource Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996).

*Donnelly,* 159 F.3d at 409.

Mr. Farag's pleading fails to identify any interest protectable under law. Mr. Farag admits his interest in this case is not legal, but factual: he wishes to intervene solely to "generally disagree[] with Plaintiffs' allegations of facts" concerning the cause of climate change. Farag Pleading ¶ 1. Mr. Farag does not attempt to assert a *legally* protectable interest. To the extent Mr. Farag's pleading expresses grievances against government bodies, those grievances are: (1) NASA and the IPCC—neither of which is a party in this case—reached conclusions inconsistent with Mr. Farag's own calculations; and (2) Mr. Farag has "suffered huge financial losses and reduction to his standard of living, due to the huge increases in the prices of almost everything" due to limitations on fossil fuel production and subsidies of clean energy. Farag Pleading ¶¶ 6, 10, 16–17.

Mr. Farag offers no reason to believe either of those grievances is protected by a cited statutory provision or case law. It is perfectly legal for government entities to reach conclusions that are different from Mr. Farag's; it is also permissible for the federal government to make regulations that affect market prices for better or worse. *See generally M'Culloch v. Maryland,* 17 U.S. 316 (1819) (Congress has broad powers under the Necessary and Proper Clause); *United States v. Darby*, 312 U.S. 100 (1941) (same, regarding the Commerce Clause). Therefore, Mr. Farag's claim that climate change is a "hoax" does not rise to the level of a significant protectable interest.

Even if this Court were to find Mr. Farag's pleading asserts an interest protected under some law, Mr. Farag's grievances bear no relationship to the Youth Plaintiffs' claims in this case. "An applicant generally satisfies the 'relationship'

requirement only if the resolution of the plaintiff's claims actually will affect the applicant." *Donnelly,* 159 F.3d at 410. For example, in *Donnelly*, the Ninth Circuit held male employees who sought to intervene in their female colleagues' gender-discrimination case did not meet this "relationship" requirement, because resolution of *female* employees' gender-discrimination claims "will not affect the proposed intervenors' claims that the Forest Service subjected *male* employees to discriminatory treatment." *Id.* at 410 (emphasis in original). Because the male employees' proposed theory of "relationship" was tenuous—it required imagining the plaintiffs' remedy would "go beyond ending harassment of female employees to create discrimination against male employees"—their intervention was inappropriate. *Id.* at 411.

The relationship here is similarly tenuous. Youth Plaintiffs seek declarations ***of law*** regarding the EPA's constitutional obligations toward ***children***. Compl., Prayer for Relief ¶¶ 1–7. Plaintiffs' requested relief does not overlap with any of the relief Mr. Farag professes to seek: namely, a declaration ***of fact*** that climate change is not caused by fossil fuels; an injunction invalidating all laws intended to combat global warming based on those erroneous facts; and compensatory and punitive damages. Farag Pleading, Prayer for Relief ¶ 1–2, 4–5. Because the Youth Plaintiffs' requested relief does not overlap with the relief requested by Mr. Farag, it is not clear how this Court's declaratory resolution of Youth Plaintiffs' constitutional claims regarding *children's* rights will affect Mr. Farag, who appears to be *an adult*. For the same reason that the Ninth Circuit held the male employees in *Donnelly* did not meet the "relationship" requirement to intervene in a female gender-discrimination case, the adult Mr. Farag is too far removed from the Youth Plaintiffs' constitutional claims to intervene in their children's rights suit. Any protectable interest that Mr. Farag may have is unrelated to the legal claims in this case. As the Ninth Circuit noted,

"[i]t is settled beyond peradventure . . . that an undifferentiated, generalized interest in the outcome of an ongoing action is too porous a foundation on which to premise intervention as of right[.]" *United States v. Alisal Water Corp.*, 370 F.3d 915, 920 (9th Cir. 2004) (quoting *Pub. Serv. Co. of New Hampshire v. Patch*, 136 F.3d 197, 205 (1st Cir. 1998)).

In short, Mr. Farag asserts neither a legally-protectable interest nor a legally-cognizable relationship to this case. Because both requirements are essential for an applicant to intervene as of right, Mr. Farag's Rule 24(a) motion should be denied.

**B. The Disposition of This Action Will Not Impair Mr. Farag's Ability to Protect His Interest, Because That Interest is Adequately Protected by Filing an Amicus Brief**

The second prong of the Ninth Circuit's test under Rule 24(a) requires the proposed intervenor to demonstrate that the disposition of the action would impair or impede his ability to protect his interest. Mr. Farag does not meet this burden. At the heart of Mr. Farag's motion to intervene is a mismatch between what Mr. Farag seeks and the role of the federal court in this case. The role of the federal court in this case is to declare and enforce legal and equitable rights. *See generally* U.S. Const. art. III, § 2. Although factual findings are necessary to resolve legal disputes, courts do not engage in fact-finding for its own sake.

Mr. Farag's purpose in seeking intervention is to "generally disagree[] with Plaintiffs' allegations of facts" concerning climate change. Farag Pleading ¶ 1. Moreover, the primary relief he seeks is a declaration of fact that climate change is not caused by fossil fuels. *Id.*, Prayer for Relief ¶ 1. Mr. Farag's motion appears to be geared, above all, toward giving Mr. Farag an opportunity to have his own "scientific studies, analysis, and calculations"—which have allegedly thus far been ignored by the IPCC and NASA—considered by a neutral government factfinder. *See* Farag Mot. to Intervene at 2 (detailing Mr. Farag's frustration that his

calculations have not been acknowledged by any of the several government officials or courts that he has sent them to). The crux of Mr. Farag's motion is that Mr. Farag believes he has information about climate change that he would like *someone* to consider, and he has identified this children's case against a federal agency as a possible opportunity to do that. Such a purpose for intervention is improper.

Mr. Farag's purpose would not be well served by granting him intervenor status because, whereas intervenor status entails becoming a party to a genuine legal dispute, Mr. Farag admits his interest in this case is purely factual. Instead, Mr. Farag's interest would be well served by allowing him to submit information for this Court's consideration in an amicus brief. *See Bates v. Jones*, 127 F.3d 870, 874 (9th Cir. 1997) (denying intervention because the proposed intervenor "offers no reason why it cannot sufficiently protect its interest as an advocate [on its topic of concern] by its filing of amicus briefs").

Because Mr. Farag can protect his interest by filing an amicus brief, it follows logically that resolving this case without Mr. Farag's intervention as a party will ***not*** impair or impede Mr. Farag's ability to protect his interest. Because such an impairment or impediment is indispensable to be able to intervene as of right, Mr. Farag's motion to intervene under Rule 24(a) should be denied.

### C. Mr. Farag's Interests Will be Adequately Represented by Existing Parties

The fourth prong of the Ninth Circuit's test under Rule 24(a) requires the proposed intervenor to demonstrate that "the existing parties may not adequately represent the applicant's interest." *Donnelly,* 159 F.3d at 409.

Here, on a liberal reading of Mr. Farag's filings, it is possible to discern that Mr. Farag has three concerns regarding the existing parties' ability to represent his interests. Each of these concerns is unfounded. First, Mr. Farag wants the EPA to

prevail in this litigation because, if the EPA loses, Mr. Farag speculates the EPA may take regulatory action that, in turn, may cause consumer prices to rise. Farag Mot. to Intervene at 4. But Mr. Farag's *preference* for the EPA to prevail in this litigation falls far short of a reason why this Court should *expect* Defendant EPA to *fail to defend* itself.

Second, Mr. Farag implies his own private interests as a consumer of goods, who prefers to pay lower prices in the market rather than higher prices, gives him a stronger incentive to litigate this case than the EPA has in defending its own conduct. *See id.* at 1, 4–5 (interest in defending the case). Yet that assertion defies logic and undermines Mr. Farag's motion. Based on that reasoning, Mr. Farag has no more incentive to litigate the case than any other price conscious consumer—and it also would require this Court to accept that the average consumer has a *greater* interest in defending the EPA's practices than the EPA itself does.

Third, Mr. Farag emphasizes he "would be the only entity in this litigation with scientific knowledge that will aid the Court's understanding" of facts concerning climate change. *Id.* at 5; *see also id.* at 1. This position is unlikely, considering (1) Mr. Farag states his profession is nuclear engineering, not climate science, *see id.* at 1; (2) the EPA is a federal agency presumably staffed with many highly qualified scientists; and (3) Plaintiffs' attorneys have a record of retaining, as expert witnesses, Nobel Prize-winning scientists to aid courts' understanding of facts concerning climate change. *See Held v. State*, No. CDV-2020-307, Findings of Fact, Conclusions of Law, & Order at 17–19, 27–28, 37, 39, 65–66, 81 (Mont. First Jud. Dist. Ct. Aug. 14, 2023) (finding all ten expert witnesses testifying on behalf of plaintiffs represented by Our Children's Trust to be qualified and their testimony credible). Because Mr. Farag does not articulate any plausible reason why the

existing parties may not adequately represent his interest, he fails to meet the final required prong of the Ninth Circuit's test for intervention under FRCP 24(a).

In short, a successful petitioner under FRCP 24(a) must meet all four criteria established by the Ninth Circuit to be entitled to intervene as of right, but Mr. Farag has failed to do so. As such, his motion to intervene as of right should be denied.

### II. Mr. Farag is Not Entitled to Permissive Intervention

Mr. Farag also seeks permissive intervention. Farag Mot. to Intervene at 5. Permissive intervention is governed by FRCP 24(b), which reads in relevant part:

> Upon timely motion, the court may permit anyone to intervene in an action who . . . has a claim or defense that shares with the main action a common question of law or fact. . . . In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24(b)(2). The Ninth Circuit's interpretation of this rule requires

> [a]n applicant who seeks permissive intervention must prove that it meets three threshold requirements: (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims.

*Donnelly,* 159 F.3d at 412. "Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention. In exercising its discretion, the district court must consider whether intervention will unduly delay the main action or will unfairly prejudice the existing parties." *Id.* (internal citations omitted). A denial of permissive intervention is reviewable only for abuse of discretion. *Id.* at 411.

There are three reasons why Mr. Farag's motion under Rule 24(b) should be denied: (1) Mr. Farag's proposed intervention shares no question of law or fact in common with Youth Plaintiffs' suit; (2) his intervention would unduly delay the

present action; and (3) his intervention would unfairly prejudice the existing parties because he seeks relief unrelated to the claims in this case.

**A. Mr. Farag Shares No Question of Law or Fact in Common with the Present Litigation.**

Mr. Farag's sole claim to commonality with the instant lawsuit is his wish to dispute the allegations in Plaintiffs' Complaint that climate change is caused by burning fossil fuels. Farag Mot. to Intervene at 5. Although Defendants have yet to answer the Complaint, it is extremely unlikely Defendants will dispute Plaintiffs' allegation that burning fossil fuels causes climate change. *See, e.g.,* EPA, *Basics of Climate Change* (Nov. 1, 2023), https://www.epa.gov/climatechange-science/basics-climate-change (attributing climate change to greenhouse gases emitted from "burning fossil fuels"); EPA, *Sources of Greenhouse Gas Emissions* (Nov. 16, 2023), https://www.epa.gov/ghgemissions/sources-greenhouse-gas-emissions ("The largest source of greenhouse gas emissions from human activities in the United States is from burning fossil fuels . . . ."). Just as it would be improper for an applicant who disputed the physical law of gravity to be allowed, on that basis alone, to intervene in a plane-crash suit between parties who all accepted the physical law of gravity, so too is Mr. Farag's intervention improper here. Because the scientific matter on which Mr. Farag seeks to interject his opinion is not a matter that will foreseeably be in dispute in this litigation, Mr. Farag fails to satisfy this threshold requirement for permissive intervention and his position is more properly positioned for an amicus brief.

**B. Mr. Farag's Intervention Would Undermine the Efficiency of the Litigation Process**

"Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention. In exercising its discretion, the district court must consider whether intervention will unduly delay the main action

. . . .” *Donnelly,* 159 F.3d at 412. For example, in *Donnelly*, the Ninth Circuit noted that men who sought to intervene in a women’s gender-discrimination lawsuit were, in essence, asking the court to expand the existing litigation about hostile working conditions for women employees, to also encompass instances of gender discrimination against men. *See id.* at 410. The district court found, and the Ninth Circuit affirmed, that “[b]ecause of the foregoing differences between the proposed intervenors and plaintiffs, allowing intervention would only serve to undermine the efficiency of the litigation process.” *Id.* at 412 (quotation marks omitted).

Here, the differences between Mr. Farag and the Youth Plaintiffs are even greater than in *Donnelly*. Whereas Youth Plaintiffs are seeking a declaration about the constitutionality of the EPA’s discriminatory conduct toward them, Mr. Farag does not assert any kind of legal claim or defense whatsoever. Whereas Youth Plaintiffs seek to protect children’s rights in their own capacity as children, Mr. Farag is an adult. Mr. Farag’s express goal is to open this litigation to debate a scientific matter on which Plaintiffs and Defendants presumably both agree and consider settled. Allowing Mr. Farag to intervene would only serve to undermine the efficiency of the litigation, which weighs strongly against permissive intervention.

### C. Mr. Farag’s Involvement as an Intervenor would Prejudice Existing Parties

Because Mr. Farag asserts no legal claim or defense, it is unclear from his submitted materials whether he seeks to intervene as a plaintiff or as a defendant. On the one hand, Mr. Farag’s grievances are exclusively against the federal government, he asserts no claim against Youth Plaintiffs, and the only party he seeks relief against is the federal government. *See* Farag Mot. to Intervene at 1–2 (frustration at government entities); Farag Pleading ¶¶ 5–6 (same); *id.*, Prayer for Relief ¶ 2 (seeking a declaration to invalidate regulations and laws). Those characteristics

would appear to suggest Mr. Farag wishes to intervene as a plaintiff. Nevertheless, Mr. Farag also does not want Plaintiffs' suit to succeed. Farag Mot. to Intervene at 4 ("If Plaintiffs are successful in their claims," the EPA's likely response would "cost[] Farag substantial money, reduc[e] his standard of living and [cause him to] pay[] hidden taxes . . . .").

As in *Donnelly*, here "the interests of the plaintiffs and the proposed intervenors are in direct opposition[.]" 159 F.3d at 412 (internal quotations omitted). "Under the circumstances, . . . requiring plaintiffs to litigate their claims with the proposed intervenors as co-plaintiffs would harm plaintiffs." *Id.* The proposed intervention here would result in prejudice to existing parties. Because prejudice to existing parties counsels against permissive intervention, Mr. Farag's motion under Rule 24(b) should be denied.

### III. If Intervention is Granted, This Court Should Limit Mr. Farag's Participation to Issues Not Raised by Federal Defendants and to Limited Briefing

Youth Plaintiffs strongly oppose allowing Mr. Farag to intervene either as of right or permissively, and either as a plaintiff or a defendant. If this Court allows Mr. Farag to intervene, this Court should exercise its discretion for Mr. Farag to intervene as a defendant and to limit intervention to issues not raised by the current Defendants. *See Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 741 (9th Cir. 2011) (noting when a district judge decides to limit an intervenor's role for the purposes of preventing the litigation from becoming unmanageable, that decision is entitled to great deference); *see also L.A. SMSA Ltd. P'ship v. Los Angeles*, No. LA CV16-04954, 2019 WL 4570012, at *9 (C.D. Cal. July 31, 2019) (permitting movant to participate as an amicus because granting intervention risked expanding the scope of the proceedings and delaying resolution of the case).

In addition, this Court should place limitations on the intervenor to preclude Mr. Farag from conducting any discovery, from filing briefs of more than 25 pages, and by requiring him to comply with a staged briefing schedule set by the Court, where the current Defendants file first and Mr. Farag must not duplicate any arguments made by the government. *See Bark v. Northrop*, No. 3:13-CV-01267-HZ, 2013 WL 6576306, at *1 (D. Or. Dec. 12, 2013) (imposing similar limitations on intervention).

In the alternative, Mr. Farag will have the opportunity to seek leave of court to file an amicus brief so that he may have a voice in the matter without unreasonably complicating the litigation by attaining intervenor status.

**CONCLUSION**

For the foregoing reasons, Youth Plaintiffs respectfully request that this Court deny the motion to intervene of Tarek Farag.

DATED this 8th day of February, 2024.

Respectfully submitted,

*s/ Philip L. Gregory*
PHILIP L. GREGORY

*Attorneys for Plaintiffs*

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains 3,641 words, which complies with the word limit of L.R. 11-6.1.

DATED this 8th day of February, 2024.

*s/ Philip L. Gregory*
PHILIP L. GREGORY

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that I am a member of the Bar of the United States District Court, Central District of California. I further certify that I electronically filed the foregoing brief with the Clerk of the Court for the United States District Court Central District of California by the CM/ECF System on February 8, 2024.

I further certify that I caused a true and accurate copy of the foregoing brief to be both deposited via first-class mail in the United States Mail in a sealed envelope with the postage thereon fully prepaid and emailed to Tarek Farag at the following addresses on February 8, 2024:

Tarek Farag
411 N. Warwick Ave
Westmont, IL 60559
tarekfaragusa@hotmail.com

*s/ Philip L. Gregory*
PHILIP L. GREGORY

*Attorneys for Plaintiffs*