UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | CV 23-10345-MWF (AGRx) | **Date:** March 5, 2024 |
| **Title:** | G. B., et al. v. United States Environmental Protection Agency, et al. | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:  
Rita Sanchez

Court Reporter:  
Not Reported

Attorneys Present for Plaintiff:  
None Present

Attorneys Present for Defendant:  
None Present

**Proceedings (In Chambers):** ORDER DENYING MOTIONS TO INTERVENE [22] [33]

Before the Court is pro se Proposed Intervenor Tarek Farag's (the "Proposed Intervenor") First Motion to Intervene, filed on January 19, 2024, and Second Motion to Intervene, filed on February 5, 2024 (collectively the "Motions"). (Docket Nos. 22, 23, 33). Plaintiffs Genesis B., et al. filed an Opposition on February 8, 2024. (Docket No. 30). Defendants United States Environmental Protection Agency, et al. filed an Opposition on February 12, 2024. (Docket No. 32). The Proposed Intervenor filed a Reply on February 28, 2024. (Docket No. 34).

The Court read and considered the papers on the Motions and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.

The Motions are **DENIED** as the Proposed Intervenor has failed to satisfy the substantive requirements to intervene.

**I.     BACKGROUND**

On December 10, 2024, Plaintiffs commenced this putative class action against Defendants United States, the United States Environmental Protection Agency (the "EPA"), and Michael S. Regan, in his official capacity as Administrator of the EPA, seeking declaratory relief. (Complaint (Docket No. 1) ¶¶ 100, 107–08). Plaintiffs allege that Defendants' failure to control air pollution has harmed their health and

---

**CIVIL MINUTES—GENERAL**                                                                                                    1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 23-10345-MWF (AGRx) | Date:  March 5, 2024 |
| Title:     G. B., et al. v. United States Environmental Protection Agency, et al. | |

welfare.  (*Id.* ¶¶ 2–3).  Based on these allegations, the Complaint asserts various constitutional claims under the Equal Protection Clause, the Due Process Clause, and the Take Care Clause.  (*Id.* ¶¶ 335–86).

## II.    DISCUSSION

Pursuant to Federal Rule of Civil Procedure 24, a nonparty may be permitted to intervene in the action, which gives the intervenor full party status, including the right to engage in discovery, participate at trial, and appeal the judgment.  *See United States v. Cal. Mobile Home Park Mgt. Co.*, 107 F.3d 1374, 1378 (9th Cir. 1997).  Rule 24 allows a party to intervene in one of two ways: (1) intervention as of right, or (2) permissive intervention.  *See* Fed. R. Civ. P. 24.

The Proposed Intervenor contends that he meets the requirements for intervention as of right or, in the alternative, permissive intervention.  (*See* First Motion at 2–5; Second Motion at 2–5).  The Court concludes that intervention is not permissible under either standard.

### A.    Intervention as of Right

The Ninth Circuit employs a four-part test to determine whether intervention should be granted as a matter of right: (1) the motion to intervene must be timely; (2) the proposed intervenor must have a "significant protectable interest relating to the property or transaction that is the subject of the action"; (3) the disposition of the action may, as a practical matter, impede that interest; and (4) the existing parties must not adequately represent that interest.  *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998).

While the Motions are timely, the Proposed Intervenor has not demonstrated that he has a significant protectable interest in this action.  The Proposed Intervenor seeks intervention because he "generally disagree[s] with Plaintiffs' allegations of facts" and believes that climate change is a "hoax."  (Second Motion at 1, 6).  However, this interest is insufficient to support intervention as of right.  *See id.*; *see also United*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-10345-MWF (AGRx)          **Date:** March 5, 2024
**Title:**     G. B., et al. v. United States Environmental Protection Agency, et al.

---

*States v. City of L.A.*, 288 F.3d 391, 398 (9th Cir. 2002) ("An applicant has a 'significant protectable interest' in an action if . . . it asserts an interest that is protected under some law[.]" (citation omitted)).

The Proposed Intervenor also contends that he has "significant and well-demonstrated regulatory, property and economic interests that are directly at stake in the present litigation" because, if Plaintiffs are successful, it would cost him "substantial money, reduc[e] his standard of living, and [force him to pay] hidden taxes to subsidize other sources of energy and equipment." (*Id.* at 4). Such conclusory statements without any evidence are insufficient. *See Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001) ("Courts are to take all **well-pleaded, nonconclusory allegations** in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." (emphasis added)).

Accordingly, the Court concludes that the Motions fail to satisfy the criteria for intervention as of right under Rule 24(a)(2).

### B. <u>Permissive Intervention</u>

"Permissive intervention to litigate a claim on the merits under Rule 24(b) requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992); *see also* Fed. R. Civ. P. 24(b)(1)(B) (permitting anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact"). "If these conditions are met, then the question of whether a party will be allowed to intervene is within the sound discretion of the trial court." *Bureerong v. Uvawas*, 167 F.R.D. 83, 86 (C.D. Cal. 1996). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-10345-MWF (AGRx)          **Date:** March 5, 2024
**Title:**    G. B., et al. v. United States Environmental Protection Agency, et al.

       Here, the Proposed Intervenor's "pleading" attached to the Motions provide no legal basis for his request for declaratory relief and damages. (*See* Second Motion at 6–11; *see also* Docket No. 23). *See* Fed. R. Civ. P. 24(c) ("A motion to intervene . . . must . . . be accompanied by a pleading that sets out the claim or defense for which intervention is sought."). Therefore, the Court cannot determine whether the Proposed Intervenor's claims share a common question of law and fact with this action. The Court also exercises its discretion to deny permissive intervention because the Proposed Intervenor's request to demonstrate that "burning fossil fuel does not cause global warming" will unduly delay the adjudication of this action and prejudice the original parties. (*See id.* at 5).

       Accordingly, the Motions are **DENIED**.

       IT IS SO ORDERED.