UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-10345-MWF (AGRx)          **Date:** May 8, 2024
**Title:** G. B., et al. v. United States Environmental Protection Agency, et al.

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:          Court Reporter:
Rita Sanchez          Not Reported

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:
None Present          None Present

**Proceedings (In Chambers):**    ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [36]

Before the Court is a Motion to Dismiss (the "Motion") filed by Defendants United States, the United States Environmental Protection Agency (the "EPA"), and Michael Regan in his official capacity as Administrator of the EPA. (Docket No. 36). Plaintiffs Genesis B., et al. filed an Opposition on March 15, 2024. (Docket No. 37). Plaintiffs also filed a Notice of Supplemental Authority on April 19, 2024. (Docket No. 42). Defendants filed a Reply on April 22, 2024. (Docket No. 43). Defendants filed a response to Plaintiffs' Notice of Supplemental Authority on April 24, 2024. (Docket No. 44). Defendants also filed their own Notice of Supplemental Authority on May 1, 2024 (Docket No. 47), to which Plaintiffs responded on May 3, 2024 (Docket No. 49).

The Court has read and considered the papers on the Motion and held a hearing on **April 29, 2024**.

The Motion is **GRANTED** *with leave to amend* for lack of redressability.

## I.    BACKGROUND

On December 10, 2024, Plaintiffs commenced this putative class action against Defendants seeking declaratory relief. (Complaint (Docket No. 1)). The Court summarizes the allegations in the Complaint in the light most favorable to Plaintiffs as follows:

---
**CIVIL MINUTES—GENERAL**          1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-10345-MWF (AGRx)           **Date:** May 8, 2024
**Title:** G. B., et al. v. United States Environmental Protection Agency, et al.

---

Plaintiffs are a group of minors residing in California who have been harmed by climate change due to increased pollution and emissions, rising temperatures, extreme weather patterns, and wildfire exposure. (Complaint ¶¶ 3–4, 24–99).

Defendants have authority to prevent, control, and protect the nation's air from pollution. (*Id.* ¶¶ 100, 107–108). Under this authority, Defendants have intentionally allowed dangerous levels of pollution to enter the atmosphere from sources under their control, despite knowing that it would harm current and future generations. (*Id.* ¶¶ 2, 260–262).

Plaintiffs and the putative class have been disproportionately harmed by Defendants' conduct compared to similarly situated adults due to their activity patterns, behaviors, and biology as children. (*Id.* ¶¶ 10, 171– 248). Defendants have also intentionally and systematically discriminated against children by using "discount rates" when running a cost-benefit analysis on pollution regulations. (*Id.* ¶ 280). By applying these "discount rates," Defendants place less value to the future benefits of climate pollution control than they do to the current benefits. (*Id.* ¶¶ 278–306).

Based on the foregoing allegations, the Complaint asserts violations of (1) the Equal Protection Clause of the Fifth Amendment (Claims 1–2); (2) the Due Process Clause of the Fifth Amendment (Claims 3–4); and (3) the Take Care Clause of Article II (Claim 5). (*Id.* ¶¶ 335–386). In pursuing these claims, Plaintiffs seek declaratory judgment that Defendants' conduct violates these rights. Specifically, Plaintiffs request the following:

> 1. a declaration that Defendants' conduct burdens Children's, including Plaintiffs', ability to live and enjoy their lives by imposing on them significant risk of harm and a lifetime of hardship for matters beyond their control, thereby depriving Children of their rights to equal protection of the law;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 23-10345-MWF (AGRx)                    **Date:**  May 8, 2024
**Title:**  G. B., et al. v. United States Environmental Protection Agency, et al.

---

2.a declaration that Children are a protected class under the Equal Protection Clause, as incorporated into the Fifth Amendment of the U.S. Constitution through the Fourteenth Amendment;

3.a declaration that Defendants have violated Children's, including Plaintiffs', rights of equal protection of the law under the Fifth Amendment of the U.S. Constitution by unlawfully discriminating against them in allowing unsafe levels of climate pollution to accumulate in the nation's air;

4.a declaration that Defendants have violated Children's, including Plaintiffs', rights of equal protection of the law under the Fifth Amendment of the U.S. Constitution by applying discriminatory discount rates and other means of devaluing Children's lives in cost-benefit analyses of Defendants' decisions on controlling climate pollution;

5.a declaration that EPA, by intentionally allowing life-threatening levels of climate pollution to enter and accumulate in the air, has significantly diminished Children's, including Plaintiffs', health, safety, and wellbeing with a lifetime of consequences, such as a reduced lifespan and increased exposure to risk of death, thereby depriving them of their fundamental rights to life.

6.a declaration that the fundamental right to a life-sustaining climate system is encompassed within the Fifth Amendment substantive due process fundamental right to life and is also inseparable from fundamental rights to liberty and property.

7.a declaration that EPA has exceeded its delegated authority by allowing unsafe levels of climate pollution that endanger Children, including Plaintiffs, to enter and accumulate in the nation's air.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-10345-MWF (AGRx)          Date:  May 8, 2024
Title:  G. B., et al. v. United States Environmental Protection Agency, et al.

    8.    any other relief as the Court deems just and proper to redress the constitutional violations so declared and adjudged; and

    9.    costs and reasonable attorneys' fees.

(*Id.* at 98–100).

## II.     LEGAL STANDARD

"Although the defendant is the moving party in a motion to dismiss brought under Rule 12(b)(1), the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court." *Brooke v. Kashl Corp.*, 362 F. Supp. 3d 864, 871 (S.D. Cal. 2019) (citing *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001)).

A jurisdictional attack under Rule 12(b)(1) may be "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the complaint's allegations must be accepted as true. *Id.* "[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* "The court need not presume the truthfulness of the plaintiff's allegations under a factual attack." *Brooke v. Superb Hosp., LLC*, No. 20-0103, 2021 WL 1173208, at *4 (E.D. Cal. Mar. 29, 2021) (citing *Wood v. City of San Diego*, 678 F.3d 1075, 1083 n.2 (9th Cir. 2011)).

## III.    DISCUSSION

Defendants contend the Court should dismiss the entirety of this action for lack of subject matter jurisdiction and for failure to state a claim. (Motion at 1). Specifically, with respect to the Court's subject matter jurisdiction, Defendants raise two main arguments: (1) that Plaintiffs lack redressability; and (2) that this action fails to comply with the procedural requirements of the Clean Air Act, 42 U.S.C. §§ 7401–

---

**CIVIL MINUTES—GENERAL**                                                                                   4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 23-10345-MWF (AGRx)          **Date:  May 8, 2024**
**Title:**  G. B., et al. v. United States Environmental Protection Agency, et al.

7671q.  (*Id.* at 3–4).  The Court focuses on the redressability requirement as it is dispositive and is easily addressed by caselaw.

      Standing under Article III is a critical component of a federal court's subject matter jurisdiction.  To establish standing, "a plaintiff must show an injury that is concrete, particularized and actual or imminent (the "injury-in-fact" requirement); traceable to the defendant's complained-of activity (the "causation" requirement); and likely to be redressed by a decision favorable to plaintiff (the "redressability" requirement).  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).  To establish redressability, plaintiffs "must show that the relief they seek is both (1) substantially likely to redress their injuries; and (2) within the district court's power to award."  *Juliana v. United States*, 947 F.3d 1159, 1170 (9th Cir. 2020) (citation omitted).

      The Court concludes that, under the first prong, the declaratory judgment sought by Plaintiffs is unlikely to redress their injuries.  *Juliana* is on all fours with this action.  In *Juliana*, the plaintiffs similarly alleged that the government violated their constitutional rights under the Fifth and Fourteenth Amendments by "promot[ing] fossil fuel use despite knowing that it can cause catastrophic climate change," thereby depriving them of their "right to a climate system capable of sustaining human life."  *Id.* at 1164, 1169 (internal quotation marks omitted).  In bringing these claims, the plaintiffs sought, among other things, a declaratory judgment that the government "is violating the Constitution."  *Id.* at 1170.  On appeal, the Ninth Circuit determined that the plaintiffs lacked redressability because the declaratory relief sought was "not substantially likely to mitigate [their] asserted concrete injuries."  *Id.*  The Ninth Circuit reasoned that "[a] declaration, although undoubtedly likely to benefit the plaintiffs psychologically, is unlikely by itself to remediate their alleged injuries ***absent further court action***."  *Id.* (emphasis added).

      Here, Plaintiffs' claimed injuries include "a lifetime of harms and hardship," including "economic harms, displacement, psychological harms, barriers to family formation, health impacts, educational deprivation, cultural and religious deprivation, and a diminished ability to seek happiness and an open future."  (Complaint ¶ 340).

| **CIVIL MINUTES—GENERAL** | **5** |
|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 23-10345-MWF (AGRx)                    Date:  May 8, 2024**
**Title:  G. B., et al. v. United States Environmental Protection Agency, et al.**

But like in *Juliana*, Plaintiffs have failed to demonstrate how a declaration regarding Plaintiffs' rights under the Constitution and the legality of Defendants' conduct, on its own, is likely to remedy these alleged injuries.  *See id.*; *see also Reeves v. Nago*, 535 F. Supp. 3d 943, 955 (D. Haw. 2021) (concluding that the plaintiffs lacked redressability because "a declaration that the laws are unconstitutional would not enable Plaintiffs to vote absentee . . . [a]nd Plaintiffs have not adduced facts suggesting that Defendants or a third party would redress the situation based solely on the issuance of the requested declaration").  For example, it is unclear how "a declaration that Defendants' conduct burdens Children's, including Plaintiffs', ability to live and enjoy their lives" or that Plaintiffs fall within a protected class will do more than provide psychological relief. (Complaint at 98).

The only relief that could arguably mitigate Plaintiffs' injuries is a judgment declaring Defendants' use of discriminatory discount rates as unconstitutional.  Even then, however, Plaintiffs have failed to show how this is substantially likely to remedy the injuries to Plaintiffs' "bodies, their homes, and their daily lives."  (Opp. at 8).  The Complaint appears to assume that, once Defendants cease to apply discount rates, they will necessarily begin "to abate climate pollution based on the best available science." (Complaint ¶ 329).  But such a result is speculative and would require further court action.  Nor do Plaintiffs allege that cessation of this conduct alone would remedy their injuries.  *See Juliana*, 947 F.3d at 1171 (noting that eliminating the challenged conduct would not "suffice to stop catastrophic climate change or even ameliorate their injuries").

Plaintiffs' attempts to distinguish *Juliana* are unpersuasive.  Plaintiffs first argue that *Juliana* is not dispositive because it primarily addressed a request for ***injunctive*** relief and only "summarily discussed declaratory relief in *dicta*" with respect to the plaintiffs' ***past*** injuries.  (Opp. at 11–12).  This argument, however, mischaracterizes the relief sought in *Juliana*, which also challenged ongoing and future misconduct.  *See id.* at 1170 (noting that the plaintiffs sought a declaration "that the government ***is*** violating the Constitution" and an injunction "requiring the government not only to cease permitting, authorizing, and subsidizing fossil fuel use, but also to prepare a plan

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 23-10345-MWF (AGRx)                              **Date:**  May 8, 2024
**Title:**  G. B., et al. v. United States Environmental Protection Agency, et al.

subject to judicial approval to draw down harmful emissions" (emphasis added)). Albeit brief, the discussion regarding declaratory relief provided at least a partial basis for the Ninth Circuit's determination that the *Juliana* plaintiffs lacked standing.  *See id.* at 1169 (noting that the plaintiffs sought both "remedial declaratory and injunctive relief"); *see also Town of Chester v. Laroe Ests., Inc.*, 581 U.S. 433, 434 (2017) ("At least one plaintiff must have standing to seek *each* form of relief requested in the complaint." (emphasis added)).

Plaintiffs next contend that *Juliana* did not discuss the Declaratory Judgment Act, which, according to Plaintiffs, "make[s] clear that a declaratory judgment in Plaintiffs' favor will . . . provide partial redress for their present and ongoing injuries." (Opp. at 8, 11–12).  The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  However, "[t]he Declaratory Judgment Act alone does not provide a court with jurisdiction." *California v. Texas*, 593 U.S. 659, 672 (2021) (citation omitted); *see also Slockish v. U.S. Dep't of Transp.*, No. 21-35220, 2021 WL 5507413, at *2 (9th Cir. Nov. 24, 2021) (unpublished) ("Declaratory relief must correspond with a separate remedy that will redress Plaintiffs' injuries.").

Plaintiffs also suggest that *Juliana* was wrongly decided because it "cited only an out-of-circuit district court case holding declaratory judgment could not redress a past injury, and a Supreme Court case holding that an injunction requiring a defendant to pay civil penalties cannot redress injuries from 'purely past violations.'"  (Opp. at 12).  However, it is not up to the Court to decide whether *Juliana* was wrongly decided.  The Court must follow the Ninth Circuit's binding decisions where applicable.

Finally, Plaintiffs argue that *Uzuegbunam v. Preczewski*, 141 S. Ct. 792 (2021), "further reinforces the rule that declaratory relief sufficiently redresses an ongoing or impending injury for purposes of Article III standing."  (Opp. at 11).  Not so. *Uzuegbunam* determined that a request for nominal damages satisfies the redressability

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 23-10345-MWF (AGRx)         Date: **May 8, 2024**
Title: G. B., et al. v. United States Environmental Protection Agency, et al.

---

requirement; it did not hold that nominal damages and declaratory relief are corollaries or that a declaratory judgment alone would be sufficient. In fact, just a few months after *Uzuegbunam*, the Supreme Court held that "a declaratory judgment . . . is the very kind of relief that cannot alone supply jurisdiction otherwise absent." *California*, 593 U.S. at 672. The Court is also persuaded by the Ninth Circuit's recent mandamus order in *Juliana* ordering the district court to dismiss the case without leave to amend. (*See* Mandamus Order (Docket No. 47)). In the Mandamus Order, the Ninth Circuit reiterated its holding in *Juliana* and determined that *Uzuegbunam* did not constitute a change in the law since it said nothing about redressability as applied to declaratory or prospective relief. (*Id.* at 3–4).

Accordingly, the Court concludes that Plaintiffs lack redressability, and the Motion is therefore **GRANTED**.

## IV.    LEAVE TO AMEND

Rule 15 requires that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). The Supreme Court identified five factors a court should consider when deciding whether to grant leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended its complaint. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Of these, "the consideration of prejudice to the opposing party carries the greatest weight." *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Eminence Cap., LLC*, 316 F.3d at 1052); *see also Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (indicating a court should explain reasons for denying leave to amend); *Parsittie v. Schneider Logistics, Inc.*, 859 F. App'x 106, 107 (9th Cir. 2021) (unpublished) (same).

It is not clear that granting leave to amend is appropriate when a successful motion is brought pursuant to Rule 12(b)(1) instead of Rule 12(b)(6), although here the Court similarly assumes the truth of the allegations. Moreover, the Court is skeptical

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 23-10345-MWF (AGRx)                **Date:**  May 8, 2024
Title:  G. B., et al. v. United States Environmental Protection Agency, et al.

that Plaintiffs can amend their allegations to demonstrate redressability, especially in light of the spirit of the Mandamus Order, even if the procedural posture was quite different from that here.  However, Defendants do not oppose leave to amend, and the record will be more complete for any future appeal.  The Court will therefore grant Plaintiffs *one more chance* to amend their complaint to address the standing issues discussed in this Order and any other potential deficiencies as raised in the Motion.

   Accordingly, the Motion is **GRANTED** *with leave to amend*.  Plaintiffs may file a First Amended Complaint ("FAC") by no later than **May 20, 2024**.  Defendants shall file an Answer or respond to the FAC, if filed, by no later than **June 10, 2024**.  Any future successful motion to dismiss will be granted without leave to amend.  Failure to file a FAC will be construed as a decision to stand on the facts alleged in the Complaint, and judgment will be entered accordingly.

   IT IS SO ORDERED.